USCA1 Opinion

 

 March 22, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-1726 UNITED STATES, Appellee, v. GEORGE LABONTE, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. D. Brock Hornby, U.S. District Judge] ___________________ ____________________ Before Breyer, Chief Judge, ___________ Selya and Boudin, Circuit Judges. ______________ ____________________ Diane Powers on brief for appellant. ____________ Jay P. McCloskey, United States Attorney, and Michael M. DuBose, ________________ __________________ Assistant United States Attorney, on Memorandum in Support of Motion to Dismiss, for appellee. ____________________ ____________________ Per Curiam. Defendant-appellant George Labonte ___________ pled guilty to possession with intent to distribute cocaine and distribution of it. See 21 U.S.C. 841(a)(1). The ___ district court determined that Labonte is a career offender under the Sentencing Guidelines and sentenced him accordingly. Labonte challenges his sentence, claiming that the district court erred in denying his motion for a downward departure, pursuant to U.S.S.G. 4A1.3, on the grounds that his criminal history category (VI) over-represented the seriousness of his criminal record. We dismiss for lack of jurisdiction. We have not addressed whether a downward departure pursuant to 4A1.3 is permissible in a career offender case.1 We need not resolve this issue here. In United ______ States v. Norflett, 922 F.2d 50, 54 n.5 (1st Cir. 1990), we ______ ________ stated that to the extent downward departures may be allowable in career offender cases, "they must, at the very least, be premised on the same considerations of meaningful  ____________________ 1. A number of other circuits have held that 4A1.3 authorizes a downward departure when criminal history category VI, assigned pursuant to the career offender guidelines, significantly over-represents the seriousness of a defendant's past criminal conduct and the likelihood of recidivism. See, e.g., United States v. Beckham, 968 F.2d ___ ____ _____________ _______ 47, 54 (D.C. Cir. 1992) (citing cases from the 4th, 8th, 9th, and 10th circuits). atypicality that apply across the board."2 In the instant case, the record is clear that the district court assumed that it had the authority to depart from the guidelines. After careful consideration of defense counsel's arguments, however, the district court exercised its discretion not to depart because it found that the "defendant does fit the classic pattern for career offender status." This discretionary decision is unappealable. See United States v. ___ _____________ Amparo, 961 F.2d 288, 292 (1st Cir.), cert. denied, 113 S. ______ _____________ Ct. 224 (1992) (appeal will not lie from a district court's refusal to depart from a properly calculated sentencing range unless the decision stemmed from the court's mistaken impression that it lacked the authority to depart). Accordingly, the case is dismissed. See Loc. R. 27.1. ___  ____________________ 2. In Norflett, we left for another day the question ________ whether, in view of 23 U.S.C. 994(h), departures are prohibited in career offender cases. Norflett, 922 F.2d at ________ 54 n.5. -3-